IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY, et al.,

    Plaintiffs,

v.                                                                                                                                                                                  Civil Action No. 3:18-cv-118

CHRISTOPHER LANDER, et al.

    Defendants.

## CHRISTOPHER LANDER'S ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant Christopher Lander, by counsel, states as follows for his Answer to Travelers' Complaint:

    1.    Upon information and belief, Lander admits the allegations of paragraph 1 of the Complaint.

    2.    Lander admits the allegations of paragraph 2 of the Complaint.

    3.    Lander admits the allegations of paragraph 3 of the Complaint.

    4.    Lander admits the allegations of paragraph 4 of the Complaint.

    5.    In response to paragraph 5 of the Complaint, Lander states that the allegations are Travelers' characterization of its action and require no response.

    6.    Lander admits the allegations of paragraph 6 of the Complaint.

    7.    Lander admits the allegations of paragraph 7 of the Complaint.

    8.    Lander admits the allegations of paragraph 8 of the Complaint.

    9.    Lander admits the allegations of paragraph 9 of the Complaint.

    10.    Lander admits the allegations of paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Lander admits only that Ms. Johnson was an employee of Charlottesville Pain Management Center ("CPMC"). The remaining allegations in Paragraph 11 of the Complaint are denied.

12. In response to paragraph 12 of the Complaint, Lander admits that the Siddiqui and Johnson Complaints contain allegations consistent with the allegations of paragraph 12 of the Complaint, but Lander further states that the Siddiqui and Johnson Complaints speak for themselves.

13. In response to paragraph 13 of the Complaint, Lander admits that the Siddiqui Complaint contains allegations consistent with the allegations of paragraph 13 of the Complaint, but Lander further states that the Siddiqui Complaint speaks for itself.

14. In response to paragraph 14 of the Complaint, Lander admits that the Siddiqui Complaint contains allegations consistent with the allegations of paragraph 14 of the Complaint, but Lander further states that the Siddiqui Complaint speaks for itself.

15. In response to paragraph 15 of the Complaint, Lander admits that the Johnson Complaint contains allegations consistent with the allegations of paragraph 15 of the Complaint, but Lander further states that the Johnson Complaint speaks for itself.

16. In response to paragraph 16 of the Complaint, Lander admits that the Siddiqui and Johnson Complaints contain allegations consistent with the allegations of paragraph 16 of the Complaint, but Lander further states that the Siddiqui and Johnson Complaints speak for themselves.

17. In response to paragraph 17 of the Complaint, Lander admits that the Siddiqui Complaint contains allegations consistent with the allegations of paragraph 17 of the Complaint, but Lander further states that the Siddiqui Complaint speaks for itself.

18. In response to paragraph 18 of the Complaint, Lander admits that the Siddiqui and Johnson Complaints contain allegations consistent with the allegations of paragraph 18 of the Complaint, but Lander further states that the Siddiqui and Johnson Complaints speak for themselves.

19. In response to paragraph 19 of the Complaint, Lander admits that the Siddiqui and Johnson Complaints contain allegations consistent with the allegations of paragraph 19 of the Complaint, but Lander further states that the Siddiqui and Johnson Complaints speak for themselves.

20. In response to paragraph 20 of the Complaint, Lander admits that the Siddiqui and Johnson Complaints contain allegations consistent with the allegations of paragraph 20 of the Complaint, but Lander further states that the Siddiqui and Johnson Complaints speak for themselves.

21. In response to paragraph 21 of the Complaint, Lander admits that the Siddiqui and Johnson Complaints contain allegations consistent with the allegations of paragraph 21 of the Complaint, but Lander further states that the Siddiqui and Johnson Complaints speak for themselves.

22. In response to paragraph 22 of the Complaint, Lander admits that the Siddiqui and Johnson Complaints contain allegations consistent with the allegations of paragraph 22 of the

Complaint, but Lander further states that the Siddiqui and Johnson Complaints speak for themselves.

23. Lander admits the allegations of paragraph 23 of the Complaint. Lander further states, however, that Travelers initially declined to defend Lander against the Suits on May 2, 2018, requiring Lander to incur costs defending himself until Travelers reconsidered its earlier denial.

24. In response to paragraph 24 of the Complaint, Lander admits that Travelers issued an applicable Homeowners Policy under which Lander was a named insured (the "Primary Policy"). Lander denies that Exhibit C to the Complaint is a complete and accurate copy of the applicable Primary Policy.

25. In response to paragraph 25 of the Complaint, Lander admits that Section II of the Primary Policy contains the coverages alleged, but it also contains other coverages, as well.

26. In response to paragraph 26 of the Complaint, Lander admits that Section II of the Primary Policy contains the language alleged in paragraph 26 as part, but not all, of the coverage provided for Personal Liability. Lander further states that the Primary Policy speaks for itself.

27. In response to paragraph 27 of the Complaint, Lander admits that the allegations of paragraph 27 of the Complaint set forth language substantially similar to some of the Definitions contained in the Primary Policy. Lander further states that the Primary Policy speaks for itself.

28. In response to paragraph 28 of the Complaint, Lander admits that Section II of the Primary Policy contains the language alleged in paragraph. Lander further states that the Primary Policy speaks for itself.

29.    In response to paragraph 29 of the Complaint, Lander admits that the allegations of paragraph 29 of the Complaint set forth language substantially similar to a Condition contained in the Primary Policy.  Lander further states that the Primary Policy speaks for itself.

30.    In response to paragraph 30 of the Complaint, Lander admits that Travelers issued an applicable Umbrella Policy under which Lander was a named insured (the "Umbrella Policy").  Lander is without sufficient information to admit or deny whether Exhibit D to the Complaint is a complete and accurate copy of the applicable Umbrella Policy.

31.    In response to paragraph 31 of the Complaint, Lander admits that the Umbrella Policy contains the language alleged in paragraph 31.  Lander further states that the Umbrella Policy speaks for itself.

32.    In response to paragraph 32 of the Complaint, Lander admits that the Umbrella Policy contains the language alleged in paragraph 32.  Lander further states that the Umbrella Policy speaks for itself.

33.    In response to paragraph 33 of the Complaint, Lander admits that the Umbrella Policy contains the language alleged in paragraph 33.  Lander further states that the Umbrella Policy speaks for itself.

34.    In response to paragraph 34 of the Complaint, Lander admits that the Umbrella Policy contains the language alleged in paragraph 34.  Lander further states that the Umbrella Policy speaks for itself.

35.    Lander admits the allegations of paragraph 35 of the Complaint.

36.    In response to paragraph 36 of the Complaint, Lander states that the allegations are Travelers' characterization of its action and require no response.

37. Lander denies the allegations of paragraph 37 of the Complaint.

38. Lander denies all allegations not expressly admitted herein.

39. For further and affirmative defense, Lander asserts that Travelers waived the opportunity to assert that there was no "bodily injury" as that term is defined in the Primary Policy.

40. For further and affirmative defense, Lander asserts that Travelers waived the opportunity to assert that there was no "bodily injury" as that term is defined in the Umbrella Policy.

41. For further and affirmative defense, Lander asserts that Travelers is estopped from asserting that there was no "bodily injury" as that term is defined in the Primary Policy.

42. For further and affirmative defense, Lander asserts that Travelers is estopped from asserting that there was no "bodily injury" as that term is defined in the Umbrella Policy.

43. Lander reserves the right to raise any additional defenses by moving to amend this Answer upon the discovery of such defenses.

44. Lander requests a trial by jury.

WHEREFORE, Defendant Christopher Lander, by counsel, respectfully prays that Plaintiff have and recover nothing from it in this action; that Plaintiff's Complaint against Defendant be dismissed with prejudice; that Defendant have and recover his costs and expenses as by law allowed; and that the Court grant to Defendant such further relief as the Court deems proper.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

45. This is a declaratory judgment action pursuant to 28 U.S.C. § 2201 and 2202.

46. Christopher Lander. M.D. is an individual residing and domiciled within the territory of this Court's Charlottesville Division.

47. Upon information and belief, The Travelers Home and Marine Insurance Company and The Automobile Insurance Company of Hartford, Connecticut (collectively, "Travelers") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut, and conducting business in the Commonwealth of Virginia.

48. Rasheed Siddiqui, M.D. is an individual residing and domiciled within the territory of this Court's Charlottesville Division.

49. Sherri Johnson is an individual residing and domiciled within the territory of this Court's Charlottesville Division.

50. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Travelers and all Defendants, including Defendant/Counterplaintiff Lander, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

51. Venue is proper pursuant to 28 U.S.C. § 1391(a).

52. Travelers issued the following two insurance policies under which Lander is a named insured (collectively, the "Policies"): (1) Homeowners Policy No. 977133117-633-1 (the "Primary Policy"); and (2) Personal Liability Umbrella of Security Policy No. 931828670-311-7

(the "Umbrella Policy"). Both of the Policies were effective August 15, 2016 to August 15, 2017.

53. This action to determine insurance coverage arises from two lawsuits filed and pending in the Circuit Court for the County of Albemarle in the Commonwealth of Virginia by against Lander (the "Underlying Actions"). The Underlying Actions are captioned as *Rasheed Siddiqui v. Christopher Lander*, No. CL18-1232, and *Sherri Johnson v. Christopher Lander*, No. CL18-1231. A copy of the Complaints initiating the Underlying Actions are attached to Travelers' Complaint as Exhibits A and B, respectively.

54. The Underlying Actions arise out of an incident on November 21, 2016 in which Lander appeared at the parking area outside of the offices of Charlottesville Pain Management Center ("CPMC").

55. At the time of the incident, Lander was under the influence of alcohol and barbiturates.

56. Before arriving outside of CPMC, Lander discharged a firearm in his vehicle while in the parking lot of Everyday Cafe.

57. Lander did not discharge a firearm while in the parking lot of CPMC.

58. When Lander arrived outside of CPMC, he parked his car partially on the curb.

59. When Lander tried to get out of his vehicle, he fell to the ground.

60. Lander remained on the ground until being removed from the premises.

61. Lander has requested coverage from Travelers under both of the Policies for the claims asserted against him in the Underlying Actions.

62. By letter dated May 2, 2018, Travelers refused to defend or indemnify Lander against the claims asserted against him in the Underlying Actions.

63. Travelers later agreed to defend Lander against the claims asserted against him in the Underlying Actions, subject to a reservation of rights, but Travelers continued to refuse to agree to indemnify Lander.

64. Travelers is obligated by the Policies to defend Lander against the claims asserted in the Underlying Action.

65. Travelers is obligated by the Policies to indemnify Lander against the claims asserted in the Underlying Action.

66. The incident for which Lander seeks coverage falls within the insuring agreement of the Primary Policy.

67. The incident for which Lander seeks coverage falls within the insuring agreement of the Umbrella Policy.

68. The incident for which the Landers seeks coverage is not excluded from coverage by any exclusion contained in the Primary Policy.

69. The incident for which the Landers seeks coverage is not excluded from coverage by any exclusion contained in the Umbrella Policy.

70. Travelers incorrectly contends that Lander is not entitled to coverage for the claims asserted in the Underlying Actions.

71. Upon information and belief, Defendants Siddiqui and Johnson contend that Lander is entitled to coverage for the claims asserted in the Underlying Actions.

72. An actual controversy and antagonistic assertion of rights exists among the parties that is ripe for resolution by this Court.

73. Lander requests a trial by jury.

WHEREFORE, Lander respectfully requests that the Court:

(1) enter judgment in favor of Lander declaring that Travelers is obligated to defend Lander against the claims asserted in the Underlying Actions;

(2) enter judgment in favor of Lander declaring that Travelers is obligated by the Primary Policy to indemnify Lander against the claims asserted in the Underlying Actions;

(3) enter judgment in favor of Lander declaring that Travelers is obligated by the Umbrella Policy to indemnify Lander against the claims asserted in the Underlying Actions;

(4) award Lander his costs and expenses incurred in connection with this action, by law allowed; and

(5) grant such further relief in Lander's favor as the Court deems appropriate.

Respectfully submitted,

CHRISTOPHER LANDER, M.D.

By Counsel

s/ Marc A. Peritz
Donald R. Morin, Esq. (VSB No. 33509)
Marc A. Peritz, Esq. (VSB No. 39054)
Rachel D.G. Horvath, Esq. (VSB No. 80487)
Attorneys for Defendant Christopher Lander
Morin & Barkley LLP
455 Second Street, S.E., Suite 200
Charlottesville, Virginia 22902
Telephone: (434) 293-1200
Fax: (434) 293-2135
E-mail: drmorin@morinandbarkley.com
E-mail: maperitz@morinandbarkley.com
E-mail: rhorvath@morinandbarkley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2019 I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John B. Mumford, Jr. | T. Vaden Warren, Jr. |
| David P. Abel | The Warren Firm, PLLC |
| Hancock, Daniel & Johnson, PC | 516 Locust Ave. |
| 4701 Cox Road, Suite 400 | Charlottesville, VA 22902 |
| Glen Allen, VA 23060 | *Counsel for Defendants Siddiqui and Johnson* |
| *Counsel for Plaintiff* | |

                                                s/ Marc A. Peritz
Marc A. Peritz, Esq. (VSB No. 39054)
Attorneys for Defendant Christopher Lander
Morin & Barkley LLP
455 Second Street, S.E., Suite 200
Charlottesville, Virginia 22902
Telephone: (434) 293-1200
Fax: (434) 293-2135
E-mail: maperitz@morinandbarkley.com

s:\office\travelers v. lander, et al\answer.counterclaim.doc

11